UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA KENNEDY, Individually,

        Plaintiff,

    v.                          Case No.: 6:17-cv-605-ORL-41-GJK

RHODA SOLANO aka RHODA
SOLANO-BRENNAN and SOLANO
ENTERPRISES, INC. d/b/a SUNSET
CAFE,

        Defendants.

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS
AND SUPPORTING MEMORANDUM OF LAW**

Defendants, RHODA SOLANO aka RHODA SOLANO-BRENNAN and SOLANO ENTERPRISES, INC. d/b/a SUNSET CAFÉ ("Defendants"), by and through the undersigned counsel, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 42 U.S.C. §12205 and 28 U.S.C. § 1927, files its Renewed Motion for Attorneys' Fees and Costs and Supporting Memorandum of Law, and states as follows:

**BACKGROUND**

1.     Plaintiff Patricia Kennedy ("Kennedy"), an Individual, filed a Complaint pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et. seq.* and Florida Accessibility Code.  (Doc. 1)

2.     The basis of the lawsuit sought declaratory and injunctive relief based upon her alleged encounter of certain "barriers" (Doc. 1, p. 4) she found at the Defendant's restaurant and is alleging discrimination on the basis her disability (Doc. 1, p.4).

3.      In response, Defendants filed a Motion to Dismiss, stating that this Court lacked subject matter jurisdiction over the Plaintiff's cause of action, relying on <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561 (1992) and <u>Fox v. Morris Jupiter Assocs.</u>, 2007 WL 2819522 (S.D. Fla. Sept. 25, 2007). (Doc. 14)

4.      Plaintiff filed her Response in Opposition (Doc. 16).

5.      Defendants also filed a Motion for Brief Abatement of Scheduling Order that was objected to by the Plaintiff. (Doc. 18)

6.      The Plaintiff subsequently filed a Motion for Summary Judgment (Doc. 21) and a Motion for Partial Summary Judgment (Doc. 25). Defendants filed their responses in opposition to both Motions. (Docs 24, 27)

7.      The parties then attended mediation as required by this Court on August 29, 2017, which resulted in an impasse.

8.      The parties then attended a Status Conference before this Court on October 19, 2017, where they were ordered to meet and confer and then submit a Case Management Report on or before November 9, 2017.

9.      The Plaintiff would not agree to the Defendants position regarding discovery deadlines, so the Plaintiff submitted her own Case Management Report on November 2, 2017 (Doc. 34) and that was followed by Defendants' Case Management Report filed on November 9, 2017 (Doc. 36).

10.     The Court entered an Order on November 15, 2017 requiring the parties to meet one last time to draft a joint case management report or the parties would be subject to a Rule 16 Conference on November 29, 2017. (Doc. 39)

11.     The parties personally attended the Rule 16 Conference in front of the Court on November 29, 2017.

12.     The Court entered an Order dated December 6, 2017, which reflected the Court's finding of Plaintiff counsel's retaliatory conduct and admonished her in open Court for her misconduct but did not order an award of attorneys' fees as sanctions. (Doc. 45)

13.     Defendants then filed a second Motion to Dismiss alleging that the matter was moot due to changes or improvements made to the restaurant that was the subject of Plaintiff's suit. (Doc. 47) Plaintiff filed a Motion to Strike (Doc. 49) and a Response in Opposition (Doc. 50). Defendants filed their Response in Opposition (Doc. 53).

14.     On January 18, 2018 this Court entered their Order (Doc. 55) that granted Defendants Motion to Dismiss and dismissed Plaintiff's Complaint with prejudice.

15.     The Defendants timely filed the original Motion for Attorneys' Fees and Costs pursuant to Rule 54(d)(2) of the <u>Federal Rules of Civil Procedure</u>. (Doc. 59)

16.     The Court subsequently entered an Order that denied Defendants motion without prejudice due to the pending appeal filed by Plaintiff at the Eleventh Circuit Court of Appeals. (Doc. 63)

17.     The Eleventh Circuit Court of Appeals affirmed this Court's Order (Doc. 55) on May 29. 2018 (Doc. 65).

18.     The Defendants hereby renew their motion for attorneys' fees and costs.

## **<u>ARGUMENT</u>**

**I.     <u>Defendants are Entitled to an Award of Attorneys' Fees Incurred in Defending Plaintiff's Complaint</u>**

Section 42 U.S.C. § 12205 provides the following:

In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

The test of whether a prevailing defendant is awarded attorneys' fees in a Title III ADA case is set out in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978). *See also* Bruce v. City of Gainesville, 177 F. 3d 949, 951-52 (11th Cir. 1999). Under *Christiansburg*:

[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense….

Id. at 442.

*Bruce* applied the *Christiansburg* standard to ADA cases, stating:

We agree with the Seventh and Ninth circuits and find that there are substantial justifications for finding that the reasons for assigning attorney's fees under Title VII apply equally to attorney's fees under the ADA.

*at* 951.

Additionally, *Bruce* identified several factors used to determine the frivolity of Plaintiff's case, including (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. Citing to Sullivan v. School Board of Pinellas County, 773 F. 2d 1182, 1189 (11th Cir. 1985). The Defendants in this case also acknowledge the view of Sullivan that "Determinations regarding frivolity are to be made on a case-by-case basis", *at* 1189.

### A.  Plaintiff Failed to Establish a Prima Facie Case

The Plaintiff clearly failed to establish a prima facie case in this matter. This Court dismissed Plaintiff's Complaint, with prejudice, because this Court determined that the "Plaintiff does not have standing to seek prospective, injunctive relief against Defendants." (Doc. 55).

The Court first determined that the Plaintiff does not live in close enough proximity to the Defendants restaurant. Secondly, the Plaintiff failed to demonstrate that she was a frequent patron of Defendants' restaurant. Third, the Plaintiff failed to allege in her Complaint a definitive plan to return to Defendants' restaurant. Fourth, although the Court found Plaintiff's frequent travel in the area supportive of her cause, the Court took these four factors in their totality in ruling in Defendants' favor. In fact, the Court found an insufficient basis to even allow Plaintiff the opportunity to amend her Complaint.

The Plaintiff knew or should have known when she filed this case that based upon the current established case law cited she would not be able to establish a prima facie case against these Defendants.

### B.  Defendants Made Many Settlement Offers to Plaintiff

This case began, without notice to the Defendants, with the filing of Plaintiff's Complaint (Doc. 1) and an incredible offer to settle on attorneys' fees first and then work out a schedule for remediation of Defendants' restaurant. In fact, most of the communications from Plaintiff's attorney began the same way, first asking to resolve her attorneys' fees and second, addressing ADA compliance. (Exhibit "A", ⁋8, Widerman Declaration). The consistent request for attorneys' fees simply appeared to be a strong-arm tactic.

Despite these strong-arm tactics of Plaintiff's counsel, the Defendants made several offers to resolve this matter for what Defendants' deemed to be reasonable terms. However, each offer was met by indignation by the Plaintiff's attorneys, the same indignation as they approached Defendants' attempts to defend themselves from this lawsuit. (Exhibit "A", ¶8, Widerman Declaration).

### C.  The Trial Court Dismissed this Matter Prior to Trial

This Court's Order (Doc. 55) dismissing Plaintiff's Complaint (Doc. 1) comes prior to trial. It is the contention of the Defendants' that because the Plaintiff could not sustain standing to maintain this action, this case never had a chance to go to trial. The fact that Plaintiff lacked standing to carry this matter forward should not work in her favor or be held against the Defendants for the purpose of this motion.

### D.  <u>Plaintiff's Case Was Frivolous</u>

In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful'. <u>Sullivan</u> at 1189.

Defendants are not seeking an award of attorneys' fees simply based upon the fact that the Plaintiff was ultimately not successful. But, for this Court to properly determine Defendants' motion, the Court should look into why Plaintiff's case was unsuccessful.

First, Plaintiff and her counsel have filed hundreds of lawsuits just in the Middle District alone. The Plaintiff and her counsel were well aware of the Plaintiff's physical distance from the Defendants and knew or should have known of the case law that interpreted how this distance is viewed in light of an ADA claim in the Middle District and

the 11th Circuit. The Court did not create new law by dismissing Plaintiff's Complaint.  The

Defendants cited existing, controlling case law, equally available to, if not already known

by the Plaintiff and her counsel, that this Court and the 11th Circuit had previously held.

In fact, Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss (Doc. 16),

Plaintiff's first sentence stated, "Defendant's brief is essentially gibberish". Plaintiff then

squarely takes aim at the very case law this Court relied on in dismissing Plaintiff's cause

of action and seems to dismiss it as a secondary authority. The Plaintiff goes so far as to

say: "It is ironic that Defendant should argue against the civil rights of disabled persons

based on the distance they travel to visit Defendant's facility." (Doc. 16, p. 8). It is not

ironic, is it the law for "testers" like the Plaintiff. Again, the Plaintiff simply rejects years of

precedential case law in her quest for attorneys' fees.

### E.  Plaintiff Continued Litigating This Case After Her Claims Became Frivolous or Unreasonable

Plaintiff set the aggressive tone of this litigation from the beginning. Not only with

the attorneys' fee driven emails, but with her pleading and motions and replies.

Plaintiff's Complaint (Doc. 1) was dismissed with prejudice and the Court did not

see where an amendment was warranted. This means that from the start the Plaintiff

could not maintain her action in this Court. Despite this, the Plaintiff kept pushing her

cause by filing her Motion for Summary Judgment and Brief in Support (Doc. 21), her

Supplement to Motion for Summary Judgment and, in the Alternative, Motion for Partial

Summary Judgment (Doc. 25), all of which required responses by the Defendants, and

causing the parties to have to personally appear at a Case Management Conference. The

Plaintiff could have simply waited until this Court ruled upon Defendants' Motion to

Dismiss (Doc. 14) before submitting further filings; but clearly by the tone and tenor of the

subsequent filings, these were simply done to punish the Defendants for not agreeing to pay Plaintiff's attorneys' fees.

As has been previously argued before this Court, if the true nature of the Plaintiff was to identify places of accommodation that contain architectural barriers and assist them into ADA compliance, then these types of cases would take on a totally different demeanor. Notice would be given to the alleged non-compliant party and an opportunity to cure would follow. After those that ignored or refused to become compliant, then a lawsuit would be necessary to enforce the law. However, that is not how these types of cases are litigated. They are litigated, without notice, by filing a complaint and demanding fees. It is simply about the fees.

It was unreasonable for the Plaintiff in this situation to continue to prosecute this case given the facts of this case and the authoritative case law that Plaintiff and her counsel either knew or should have known of. However, they did. And their continuation of a frivolous case caused the Defendants to incur unnecessary costs and fees. The Defendants were diligent in their exercise of actions in this case and they were costly. However, the unnecessary cost was that born of Plaintiff's prosecution of a frivolous cause of action.

## II.    Defendants are Entitled to Attorneys' Fees Pursuant to 28 U.S.C. §1927

In the case of Goodman v. Tatton Enterprises, 2012 WL 12540024 (S.D. Fla. 2012), the Court was faced with motions from the defendant for awards of attorneys' fees pursuant to *Christiansburg* and under 28 U.S.C. § 1927. The basis of the request for an award of attorneys' fees against Mr. Weitz, the attorney for the Plaintiff, was due to his specific conduct in the case.

Under 28 U.S.C. § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The plain language of the statute governing sanctions against an attorney for unreasonably and vexatiously multiplying proceedings set for three requirements to justify the imposition of sanctions: (1) an attorney must engage in "unreasonable and vexatious" conduct; (2) such "unreasonable and vexatious" conduct must "multipl[y] the proceedings"; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. Norelus v. Denny's Inc., 628 F. 3d 1270, 1281 (11th Cir. 2010). An attorney's conduct can violate Section 1927 only if it first qualifies for fee-shifting under Christiansburg. *See* Norelus, 419 F. 3d at 1180.

This Court has all the pleadings, replies, briefs and filings submitted by Plaintiff's counsel. The Court can clearly read the tone and tenor of each filing, how each one demeans the actions of the Defendants and the Defendants themselves, how only the actions of the Plaintiff are altruistic and for the benefit of society. For example, Plaintiff's counsel argues "Unfortunately, however, rather than admitting the state of the ADA violations at the subject property, Defendant has instead chosen to file a Motion to Dismiss Plaintiff's Complaint." (Doc. 16, p. 6). Plaintiff's counsel then continues "By Defendant's argument, disabled persons wishing to visit the Defendant's place of public accommodation must leave their civil rights at home….". (Doc. 16, p. 8). Plaintiff's counsel argues in Plaintiff's Brief in Opposition to Defendant's Motion for Leave to File a Reply that "Defendant's motion to dismiss is frivolous, meritless and filed solely for the purpose

of delaying these proceedings, increasing the costs of litigation to all parties and unduly taxing the judicial resources of this Court…." (Doc. 19, p. 1,2). And what is more interesting is the next argument by Plaintiff's counsel when she argues "The report and inspection of Plaintiff's expert revealed that Defendant is hastily attempting to remediate the slew of violations at its premises in order to evade the jurisdiction of this Court and liability for its ADA violations." (Doc. 20, p. 2). This argument was made again in her Motion for Summary Judgment (Doc. 22). Plaintiff's counsel even goes so far in her summary judgment to argue "Because Defendants admit ownership of the property and the existence of ADA violations there is no genuine issue of material fact as to the Defendants' liability under the ADA." (Doc. 22, p. 13). Prior to this motion being filed, there was no such admission of ADA violations. This was simply a false statement.

The Court witnessed the retaliatory conduct of Plaintiff's counsel at the mandatory Rule 16 conference. Lastly, the Court should consider the recent article by the Orlando Sentinel with respect to attorneys who are handling the same or similar ADA cases. (Exhibit "A", ¶9, Widerman Declaration).

The above-referenced actions of Plaintiff's counsel multiplied these proceedings. The fact that not only were Plaintiff's counsel's attorneys' fees demands excessive from the outset but increased over time based solely upon her actions. This case could have remained dormant while the parties waited for a decision from this Court on Defendants Motion to Dismiss (Doc. 14). However, Plaintiff's counsel continued to aggressively prosecute this case, file motions, demand fees and drive up the litigation costs for the Defendants. Each email requires a response. Each motion requires a reply.

To determine the amount of reasonable attorneys' fees in the Eleventh Circuit, a lodestar method is employed. <u>Norman v. Housing Authority of Montgomery</u>, 836 F. 2d 1292 (11th Cir. 1988). Additionally, under a request for fees under § 1927, the Court also should consider Plaintiff's counsel's ability to pay. <u>Baker v. Alderman</u>, 158 F. 3d 561 (11th Cir. 1998). The court in <u>Martin v. Autombili Lamborghini Exclusive</u>, 307 F. 3d 1332 (11th Cir. 2002) stated "sanctions must never be hollow gestures; their bite must be real. For the bite to be real, it has to be a sum that the person might actually pay. A sanction which a party clearly cannot pay does not vindicate the court's authority because it neither punishes or deters." <u>Martin</u> at 1337. If Plaintiff's counsel is to be assessed attorneys' fees in this action, a brief inquiry into her ability to pay should occur.

## **CONCLUSION**

This is one of hundreds of cases filed by Plaintiff as a serial "tester" in the state of Florida. It is not known how many cases Plaintiff's counsel has represented Plaintiff in these cases. However, there are many things in this case that are known.

It is known that Plaintiff's case was dismissed with prejudice. It is known that the case law supporting this Court's decision was known or should have been known to the Plaintiff. It is known that Plaintiff continued to multiply this litigation by additional frivolous filings. It is known how Plaintiff's attorney conducted herself at the Rule 16 conference. And, it is known how many negative orders have been entered against Plaintiff's attorneys regarding these types of ADA cases.

Defendants, as the prevailing party in this litigation, are respectfully requesting this Court award Defendants their attorneys' fees and costs pursuant to Section 42 U.S.C. §

12205 and 28 U.S.C. § 1927. (Exhibit "A", ¶7, Widerman Declaration, and Exhibit "B", the sworn Declaration of Alec Russell (the "Russell Declaration")).

Dated: June 11, 2018

## RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g) of the Local Rules of the United State District Court for the Middle District of Florida, counsel for Defendants conferred with Plaintiff's attorney by phone call and the relief sought by this motion is opposed.

Respectfully submitted.

*/s/ Scott D. Widerman*
Florida Bar No. 058523
Eric L. Hostetler, Esq.
Florida Bar No. 0554839
**WIDERMAN MALEK, PL**
1990 W. New Haven Avenue, Suite 201
Melbourne, Florida 32904
Telephone:  321-255-2332
Facsimile:  321-255-2351
Scott@USLegalTeam.com
Eric@USLegalTeam.com
**Attorney for Defendants**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 11, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.  I further certify that the foregoing document is being served this date on all counsel of record or *pro se* parties on the Service List below, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Scott D. Widerman*
Scott D. Widerman