UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PATRICIA KENNEDY,**

      **Plaintiff,**

v.                                              Case No:  6:17-cv-605-Orl-41GJK

**RHODA SOLANO a/k/a RHODA
SOLANO-BRENNA and SOLANA
ENTERPRISES, INC. d/b/a SUNSET
CAFE,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' SECOND RENEWED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SUPPORTING MEMORANDUM OF LAW (Doc. No. 74)** |
| **FILED:** | **August 21, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

### I.  BACKGROUND

On April 5, 2017, Plaintiff filed a Complaint seeking declaratory and injunctive relief for violations of the Americans with Disabilities Act (hereafter "ADA") against Defendants' restaurant located at 500 Cocoa Beach Causeway, Cocoa Beach, Florida.  Doc. No. 1 at 2. Plaintiff alleges that she is an individual with disabilities under the ADA, that she has visited Defendant's property and intends to return, or alternatively that she is a "tester" and that violations exist on Defendant's property that infringe on Plaintiff's right to travel free of

discrimination. Doc. No. 1 at 3-4. Plaintiff requests the Court enter a declaratory judgment that Defendant is in violation of the ADA. Doc. No. 1 at 7. Plaintiff requests the Court grant injunctive relief by ordering Defendant "to make all readily achievable alterations;" or "make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC[.]" Doc. No. 1. Plaintiff also requests an award of attorney's fees, costs and litigation expenses, pursuant to 42 U.S.C. § 12205. Doc. No. 1 at 8.

Defendants filed a motion to dismiss on May 1, 2017. Doc. No. 14. Defendants raised lack of standing and failure to state a claim. Doc. No. 14 at 2. On May 11, 2017, Plaintiff filed a response that essentially deemed the motion "gibberish." Doc. No. 17. Plaintiff argued that she had sufficiently alleged standing to the extent she was required. Doc. No. 17.

On January 18, 2018, this Court entered an Order granting the motion to dismiss and the Complaint was dismissed with prejudice for lack of subject-matter jurisdiction. Doc. No. 55. The Court found that, in the ADA context, Plaintiff had to demonstrate the threat of future discriminatory injury by Defendant was real and immediate as opposed to merely conjectural or hypothetical. Doc. No. 55 at 3-4. The Court considered four factors, including: (1) the proximity of the place of public accommodation; (2) past patronage; (3) the definitiveness of plaintiff's plan to return; and (4) plaintiff's frequency of travel near defendant. Doc. No. 55 at 4; *Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222-23 (M.D. Fla. 2012).

Based on Plaintiff's affidavit, the Court found Plaintiff did not live in close proximity to Defendants' business. Doc. No. 55 at 4. The Court then found that Plaintiff's past patronage did not weigh in her favor as she had visited the business only once. Doc. No. 55 at 5. The Court found Plaintiff failed to allege a definitive plan to return, and had only expressed a mere desire to return. Doc. No. 55 at 5. The only factor that the Court found weighed in Plaintiff's favor was

her frequency of travel in the area.  Doc. No. 55 at 6.  The Court ultimately found Plaintiff failed to demonstrate a plausible threat that she will face future discrimination by Defendants.  Doc. No. 55 at 6.  The Complaint was dismissed with prejudice because Plaintiff had offered evidence that was insufficient to support standing, even if further amendment was permitted.  Doc. No. 55 at 6.

Plaintiff filed a Notice of Appeal on January 22, 2018.  Doc. No. 56.  On February 1, 2018, Defendants filed a timely motion for attorneys' fees and costs.  Doc. No. 59.  On February 5, 2018, this Court denied Defendants' motion while the appeal was pending and directed Defendants to renew the motion, if appropriate, when the appellate proceedings had concluded.  Doc. No. 63.

On May 29, 2018, the Eleventh Circuit Court of Appeals affirmed the order of dismissal.  Doc. No. 65.  On June 11, 2018, Defendants filed a premature renewed motion for attorneys' fees that was denied on July 16, 2018.  Doc. Nos. 66, 72.  A mandate issued on August 20, 2018.  Doc. No. 73.

On August 21, 2018, Defendants filed their Second Renewed Motion for Attorneys' Fees and Costs and Supporting Memorandum of Law (the "Motion").  Doc. No. 74. Defendants seek attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2), 42 U.S.C. § 12205, and 28 U.S.C. § 1927.  Doc. No. 74.  Plaintiff filed a response in opposition (the "Response") and related exhibits.  Doc. Nos. 75-78.

**II.      LAW**

In an ADA action, 42 U.S.C. § 12205 governs the award of attorneys' fees, litigation expenses and costs.  The statute provides that :

> In any action or administrative proceeding commenced pursuant to

>this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.  Thus, this statute permits the Court, in its discretion, to award reasonable attorney's fees, litigation expenses, and costs to the prevailing party.  42 U.S.C. § 12205 does not distinguish between a plaintiff or defendant when awarding prevailing party attorney's fees, costs and litigation expenses.  The Eleventh Circuit in *Bruce v. City of Gainesville*, 177 F.3d 949, 952 (11th Cir. 1999), adopted the Supreme Court's holding in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422 (1978), that a "plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."[1]  Thus, a prevailing defendant in an ADA action is not entitled to an award of attorney's fees, costs, and litigation expenses unless plaintiff's claim was frivolous, unreasonable or groundless.

The Eleventh Circuit has identified the following general guidelines to aid the district courts in determining whether a plaintiff has brought a frivolous claim:  1) whether plaintiff established a prima facie case; 2) whether defendant offered to settle; and 3) whether the trial court dismissed the case prior to trial or a full trial was held on the merits. *Bruce*, 177 F.3d at 952.  These guidelines, however, are not hard and fast rules because determining whether a plaintiff's claim was frivolous is done on a case by case basis. *Id.*  Instead, the court "must focus

---

[1] The Supreme Court's holding in *Christiansburg Garment Co.*, 434 U.S. at 417, was made in the context of determining what "standard should inform a district court's discretion in deciding whether to award attorney's fees to a successful *defendant* in a Title VII action."

- 4 -

on the question of whether the case is seriously lacking in arguable merit." *Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1311 (M.D. Fla. 2002).[2]

With respect to 28 U.S.C. § 1927, the Court may require "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The imposition of sanctions under § 1927 is an "extraordinary remedy," which should be used sparingly. *See Monk v. Roadway Exp., Inc.*, 599 F.2d 1378, 1382 (5th Cir. 1979) (classifying § 1927's provision for assessment of fees, expenses and costs as an "extraordinary remedy").[3] Given the permissive language contained in § 1927 (*i.e.* "may") the issue of whether to impose the requested sanctions is left to the sound discretion of the court. *See, e.g.*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("The word 'may' clearly connotes discretion"); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1237-38 (11th Cir. 2007) (section 1927 is discretionary). The statute's plain language sets forth three (3) requirements that must be met before the court may impose sanctions under § 1927:

1. The attorney must have engaged in unreasonable and vexatious conduct;
2. Such unreasonable and vexatious conduct must have multiplied the proceedings; and
3. The monetary sanction cannot exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010) (citing *McMahan v. Toto*, 256

---

[2] "Cases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Federal Rule of Civil Procedure 41(b) motion for involuntary dismissal." *Sullivan v. School Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985); *Clarke v. Tolbert Enters., LLC*, 2013 U.S. Dist. LEXIS 173647, at *4 (S.D. Ala. Dec. 11, 2013) (plaintiff's failure to allege a prima facie case supported an attorney's fee award to defendant after dismissal for failure to state a cause of action).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

F.3d 1120, 1128 (11th Cir. 2001)). An attorney multiplies court proceedings "unreasonably and vexatiously," thereby justifying sanctions under § 1927, "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong*, 500 F.3d at 1239 (internal quotations omitted).[4] The standard for determining the existence of bad faith is an objective one, turning on how a reasonable attorney would have acted under the circumstances rather than on the particular attorney's subjective intent. *Norelus*, 628 F.3d at 1282 (citing *Amlong*, 500 F.3d at 1239).[5] An attorney's negligent conduct or the ultimate determination that the claim at issue lacked merit, standing alone, are not enough to support a finding of bad faith. *Amlong*, 500 F.3d at 1241-42 (quoting *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003)). Rather, a finding of bad faith is warranted where an attorney "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz*, 341 F.3d at 1225.

### III.   ANALYSIS

The Eleventh Circuit has identified the following general guidelines to aid the district courts in determining whether a plaintiff has brought a frivolous claim:  1) whether plaintiff established a prima facie case; 2) whether defendant offered to settle; and 3) whether the trial court dismissed the case prior to trial or a full trial was held on the merits. *Bruce*, 177 F.3d at 952. These guidelines, however, are not hard and fast rules because determining whether a plaintiff's claim was frivolous is done on a case by case basis. *Id.*  Instead, the court "must focus

---

[4] In the Eleventh Circuit, law firms are also subject to sanctions under § 1927. *Smith v. Grand Bank & Tr. of Fla.*, 193 F. App'x 833, 838 (11th Cir. 2006).

[5] Although the attorney's objective conduct is the focus of the analysis, the Eleventh Circuit has recognized that an "attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be [unreasonable and vexatious] if it is done with a malicious purpose or intent." *Amlong*, 500 F.3d at 1241.

on the question of whether the case is seriously lacking in arguable merit." *Jerelds*, 194 F. Supp. 2d at 1311.

    A.    Prima Facie Case

> To prevail under Title III of the ADA, a plaintiff "generally has the burden of proving: (1) that he is an individual with a disability; (2) that defendant is a place of public accommodation; (3) that defendant denied him full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of his disability."

*Hoewischer*, 877 F. Supp. 2d at 1220 (quoting *Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005). A plaintiff seeking prospective injunctive relief must also allege "facts 'giving rise to a plausible inference' that he will suffer disability discrimination by the defendant in the future." *Hoewischer*, 877 F. Supp. 2d at 1222. This is where Plaintiff's case, which sought prospective injunctive relief, failed.

Plaintiff's Complaint was involuntarily dismissed with prejudice for lack of subject-matter jurisdiction. Doc. No. 55. While the Court found that Plaintiff suffered a "cognizable injury," the Court found that Plaintiff failed to demonstrate she would suffer an actual or imminent injury in the future. Doc. No. 55 at 4. Specifically, the Court found that Plaintiff did not live in close proximity to Defendants' business. Doc. No. 55 at 4. The Court also found that Plaintiff's past patronage did not weigh in her favor as she had only visited the restaurant once. Doc. No. 55 at 5. Then the Court found that Plaintiff failed to allege a definitive plan to return and that her "some day intentions" were insufficient. Doc. No. 55 at 5. Only Plaintiff's frequent travel in the area supported her claim of standing. Doc. No. 55 at 6.

In its Order, the Court cited another case in the Middle District where Plaintiff sought injunctive relief against a Cocoa Beach business and her complaint was denied based on the same standing problems presented in this case – the distance from her home, her limited past

patronage, her generalized desire to return, and that court even found Plaintiff's past travel to the area did not support standing. *Kennedy v. Beachside Commercial Props., LLC and Cocoa Beach Surf Co.*, 6:17-cv-1047-37GJK Doc. No. 25 (M.D. Fla. Sept. 25, 2017). Similarly, in *Kennedy v. New Smyrna ACD LLC*, 2017 U.S. Dist. LEXIS 210872, at *8  (M.D. Fla. Dec. 22, 2017), the Court found plaintiff's "intent to return allegations are facially formulaic, and Plaintiff's intent to return in the future to a place once-visited without an additional connection to the area or reason to visit again does not suffice for standing." And, on the same date Plaintiff filed her response to the motion to dismiss in this case, Plaintiff's case against another set of business owners, a shopping center and its tenants, was dismissed, in part, because of Plaintiff's lack of standing. *Kennedy v. Schling LLC, Deborah Gove, Order Up II, Inc. and A Team Leasing, LLC*, 6:17-cv-74-22-TBS, Doc. No. 35 (M.D. Fla. May 11, 2017). In that case, the Court again noted the distance to the shopping center from Plaintiff's home, 230 miles, and Plaintiff's lack of a concrete plan to return. *Id.* at 6-10. The Court ultimately rendered two additional orders of dismissal of the ensuing amended complaints for failure to remedy the deficiencies. 6:17-cv-74-22-TBS at Doc. Nos. 41 and 45. A Notice of Appeal was filed but the appeal was later voluntarily dismissed by Plaintiff. 6:17-cv-74-22-TBS at Doc. Nos. 46 and 48. All of this occurred before the Court granted Defendant's motion to dismiss in this case.

While these cases reflect a pattern of dismissals that should have put Plaintiff on notice that the distance to Volusia and Brevard counties, as well as her less than definite plans to return, without more, could be insufficient to convey standing, the decisions were made close in time to the decision in this case, the Plaintiff appealed at least one of the decisions to the Eleventh Circuit, and Plaintiff relied on other cases to support her claim of standing. *See, e.g., Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013); *Kennedy v. Omega Gas*, 9:17-

cv-80103, Doc. No. 60 (S.D. Fla. Aug. 30, 2017).  Further, even this Court found that Plaintiff otherwise stated a cognizable claim for an injury in fact.  Doc. No. 55 at 4.   Plaintiff's failure to establish standing cannot be said to have been so frivolous, unreasonable, or groundless as to merit an award of attorney's fees and costs to Defendants in this instance.  *Bruce*, 177 F.3d at 952; *Jerelds*, 194 F. Supp. 2d at 1311; *Christiansburg Garment Co.*, 434 U.S. at 422.

      B.      Settlement Offers and Proceedings on the Merits

As for the remaining two factors related to settlement offers and proceedings on the merits, the Court finds that neither of these factors support an award of attorney's fees and costs to Defendants.  While this matter was resolved on a motion to dismiss and did not go to trial (which would weigh in favor of awarding attorney's fees), the record also reflects Defendants made readily achievable, technically feasible corrections, based on the violations identified by Plaintiff, that were not unduly burdensome to Defendant and then filed a motion to dismiss on the grounds that Plaintiff's Complaint was now moot.  Doc. Nos. 47 and 55.  Also, Defendants admittedly engaged in extended settlement negotiations, but Defendants note these negotiations focused more on Plaintiff's attorney's fees than whether and how remediation would be completed.  Doc. No. 74 at 5-6.  Thus, neither of these factors supports an award of attorney's fees and costs to Defendant.  *Bruce*, 177 F.3d at 952.

For reasons similar to those expressed above, Defendants are also not entitled to attorney's fees under section 1927.  Defendants argue that Plaintiff's tone and tenor in each filing, the demeaning nature of Plaintiff's filings, and the multiplicity of the filings in this case require an award of sanctions.  Doc. No. 74 at 9-10.  Defendants also point to Plaintiff's counsel's retaliatory conduct at the Rule 16 conference.  Doc. No. 74 at 10.

While Plaintiff's counsel may have aggressively litigated this case, and may have

engaged in conduct that reflects a lack of civility or unprofessional demeanor, that behavior, in and of itself, is not a basis for an award of sanctions. *Barnes v. Frameless Shower Doors & Enclosures, Inc.*, 2015 U.S. Dist. LEXIS 145458, at *4 (S.D. Fla. Oct. 27, 2015) (§ 1927 is not a "catch-all provision for sanctioning objectionable conduct by counsel."); *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). An attorney multiplies court proceedings "unreasonably and vexatiously," thereby justifying sanctions under § 1927, "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong*, 500 F.3d at 1239. Upon review, Plaintiff's counsel's behavior and litigation tactics do not rise to the level of bad faith required to impose this extraordinary remedy.[6] Thus, it is recommended the Court decline to exercise its discretion to award attorney's fees under section 1927.

## IV.  CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** the Defendants' Motion (Doc. No. 74) be **DENIED.** Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 9, 2018.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[6] Counsel are reminded, however, that civility in the practice of law is a requirement of the Oath of Admission to The Florida Bar. https://www.floridabar.org/wp-content/uploads/2017/04/oath-of-admission-to-the-florida-bar-ada.pdf. "To opposing parties and their counsel, I pledge fairness, integrity, and civility, not only in court, but also in all written and oral communications." *Id.*

- 11 -

Copies furnished to:
Presiding District Court Judge
Counsel of Record
Unrepresented Parties